**Joseph ARNOLD, Plaintiff,**

v.

**LUCKENBACH STEAMSHIP COMPANY, Inc., Defendant.**

United States District Court
S. D. New York.
Dec. 10, 1954.

Samuel Segal, New York City, for plaintiff.

Burlingham, Hupper & Kennedy, New York City, James W. Lynch, New York City, of counsel, for defendant.

DIMOCK, District Judge.

■ Plaintiff, a seaman on S.S. Will Rogers, alleges injury from negligence of defendant Luckenbach Steamship Company, Inc., and seeks recovery citing the Jones Act. Defendant moves for summary judgment on the ground that the Jones Act authorizes suit only by an employee against an employer and that defendant Luckenbach was not plaintiff's employer. Luckenbach was general agent of the United States under contract form G.A.A. 4–4–42. Under Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, a seaman cannot sue under the Jones Act for injuries arising from the negligence of a general agent acting under such a contract.

■ Plaintiff says, however, that the invocation of the Jones Act may be treated as surplusage and that plaintiff may recover at common law against Luckenbach for his injuries. That depends on the facts. The master and crew of the vessel are employees of the United States rather than Luckenbach so that Luckenbach can be under no liability for a tort of one of them. Plaintiff alleges, however, that Luckenbach had shoreside duties which it performed by its own employees and that this accident was due to

the negligence of one of them. If so, Luckenbach would be liable. Even if contract G.A.A. 4–4–42 contains a provision for indemnity by the United States so that the United States will be the ultimate source of payment of any damages, the Suits in Admiralty Act does not preclude a suit against Luckenbach. Brady v. Roosevelt S.S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471.

Since it is conceivable that plaintiff may be able to establish the facts which he alleges, defendant is not entitled to summary judgment dismissing the claim for damages. American Auto. Ass'n v. Spiegel, 2 Cir., 205 F.2d 771, 775.

The claim for maintenance and cure must, however, be dismissed. The United States, as owner and operator of the ship, is the only party liable in personam for maintenance and cure.

Motion granted as to claim for maintenance and cure, otherwise denied.